IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE RUPRECHT,

               Plaintiff,

  v.                                                      OPINION & ORDER

NANCY A. BERRYHILL,                                  18-cv-2-jdp
  Acting Commissioner, Social Security Administration,

               Defendant.

---

Plaintiff Michelle Ruprecht seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of the Social Security Administration, finding Rupert not disabled within the meaning of the Social Security Act. The administrate law judge (ALJ) concluded that Ruprecht suffered from various physical impairments caused by a 20-foot fall from a ladder in May 2015, but that she retained the capacity to perform a significant number of jobs in the economy, including a document preparer, call out operator, and final assembler.

The case is scheduled for an oral argument on August 23, 2018, but the court concludes that no oral argument is needed in light of the relatively straightforward nature of the claim. Because the ALJ failed to adequately explain his reasons for rejecting the opinions of Ruprecht's treating physician, the court will remand the decision for further proceedings.

ANALYSIS

Ruprecht claims a disability onset date of May 8, 2015, and she does not challenge the ALJ's conclusion that September 30, 2016, was the date she was last insured. So the question before the ALJ was whether Ruprecht was unable to perform full time work for a continuous

period of at least 12 months between May 2015 and September 2016. 42 U.S.C. § 423(d)(1)(A).

The Commissioner does not appear to deny that Ruprecht was unable to work "for a few months" after her injury in May 2015. Dkt. 9, at 8. When Ruprecht fell off a ladder, she "land[ed] on her right ankle and the top of her left foot, which crushed her tibia, fibula, and ankle." **R. 18**. She had three surgeries in May 2015, a fourth surgery in July 2015, and a fifth surgery in April 2017. **R. 20.** She was in a wheelchair for six months after the fall and used a walker for another year, **R. 41**. She testified that she could not stand for more than five or ten minutes at a time. **R. 19.**

The Commissioner's position seems to be that Ruprecht healed sufficiently at some point before May 2016 to allow her to work full time, though neither the Commissioner nor the ALJ identify at what point that was. Although the ALJ identified the claimed disability period in his decision, much of the evidence he discussed relates to events well after the period closed in September 2016. For example, he noted in his September 2017 decision that Ruprecht had been using a cane "for the past year," but he ignored her previous use of a wheelchair and then a walker. **R. 18**. More generally, the ALJ often did not identify the relevant timeframe when describing Ruprecht's imparments, suggesting that he was evaluating her condition at the time of the hearing rather than the claimed disability period.

Ruprecht's primary contention is that the ALJ failed to adequately explain why he was giving "limited weight" to the opinions of Ruprecht's treating physician, Harry Malcolm.[1] In a statement dated Febrtuary 10, 2017, Malcolm wrote that Ruprecht was still on chronic opiate

---

[1] Ruprecht raises several other arguments, but they either overlap with her argument regarding her treating physician or are clearly without merit, so they do not require discussion.

2

pain medications, including morphine and oxycodone. She "struggle[d]" to "walk any distance" and to "sit for any length of time," which would "make it difficult for her to be meaningfully employed." **R. 515.** In a statement dated June 25, 2017, Malcom wrote that Ruprecht could not stand for more than five minutes and could not walk a block at a reasonable pace on a rough or even surface, **R. 978**, which is consistent with Ruprecht's own testimony. If working, she would need to elevate her legs throughout the day. *Id.* And she would miss "three or more days" because of her impairment. *Id.* (He didn't say whether he meant three days a week, a month, or a year. Ruprecht assumes that he meant three days a month and the Commissioner does not contradict that view.)

The Commissioner does not deny that Ruprecht would be disabled under Malcolm's opinion, but the Commissioner says that the ALJ gave an adequate explanation for rejecting the opinion. That explanation was one sentence: "I give little weight to the treating physician's opinions as they are inconsistent with physical therapy records and treatment notes as discussed above, which though support continued limitations, also support [that] the claimant's condition improved and she was able to function at a higher level than indicated by the doctor." **R. 20**.

The ALJ didn't identify the physical therapy records and treatment notes to which he was referring, but the Commissioner says that he didn't have to because it is clear from context. The Commissioner cites earlier portions of the ALJ's decision in which the ALJ discussed physical therapy records that showed "improvement in back and leg symptoms" and treatment notes showing that medical staff were encouraging Ruprecht to taper off her medications. But these records do not contradict Malcolm's opinion. Malcolm did not deny that Ruprecht's condition was improving. Given that Ruprecht was incapacitated by the fall in May 2015, the

3

question is whether she improved enough by May 2016 to allow her to work full time. The Commissioner does not cite any physical therapy records from before that date showing that she could. As for the treatment notes, they are from November 2016, which is after the relevant time period. **R. 650**. (Again, it is undisputed that Ruprecht didn't qualify for benefits after September 2016.) In any event, the notes about weaning Ruprecht off her medications was not the result of a conclusion that her pain was improving; they were related to a "concern with giving narcotics and benzodiazepines" as a general matter. *Id.*

The ALJ also relied on the fact that Ruprecht did not attend all of her physical therapy appointments, which he said was support for a conclusion that her impairments "were not as severe as alleged." **R. 19**. The Commissioner does not rely on this justification, presumably because she knows it would fail. It is well established that an ALJ cannot rely on a claimant's failure to seek treatment without first exploring the reasons for the claimant's conduct, *Beardsley v. Colvin*, 758 F.3d 834, 840 (7th Cir. 2014), something the ALJ did not do in this case.

An ALJ who does not give controlling weight to a treating physician's medical opinions must give good reasons for doing so. *Stage v. Colvin*, 812 F.3d 1121, 1126 (7th Cir. 2016). *See also Engstrand v. Colvin*, 788 F.3d 655, 662 (7th Cir. 2015) (ALJ must "persuasively explain" why treating physician's opinion is not supported by the record).[2] When the ALJ fails to explain how a physician's opinion is inconsistent with the record, a remand is required. *Minnick v.*

---

[2] The regulations regarding an ALJ's consideration of a treating physician's opinions have been amended, but the new regulations apply only to claims filed after March 27, 2017. *Lambert v. Berryhill*, No. 17-1627, — F.3d —, 2018 WL 3470994, at *3 (7th Cir. July 19, 2018). Ruprecht filed her claim in 2015.

*Colvin*, 775 F.3d 929, 938 (7th Cir. 2015). *See also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (ALJ must build a "logical bridge" between the evidence and her conclusions).

The Commissioner discusses other possible reasons for rejecting Malcom's opinions, but the ALJ did not rely on those reasons. The Commissioner cannot defend the ALJ's decision on grounds that are not in the decision. *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). Accordingly, the court will remand the case to allow the ALJ to reconsider her decision in light of Malcolm's opinions. The ALJ should take care to limit his analysis to Ruprecht's abilities during the relevant time period.

ORDER

IT IS ORDERED that that the decision of defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, denying plaintiff Michelle Ruprecht's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The August 23, 2018 oral argument is CANCELED as unnecessary.

Entered July 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge